## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-1095

ZIVARO, INC. a Colorado Corporation,

Plaintiff,

v.

BOHICA ASSOCIATES CORPORATION, a Nevada Corporation,

Defendant.

---

## COMPLAINT

---

Now comes Plaintiff, Zivaro, Inc., by and through its attorneys, LASZLOLAW, and for its Complaint and Jury Demand against Bohica Associates Corporation, states and alleges as follows:

### PARTIES

1.      Plaintiff Zivaro, Inc. ("Zivaro") is a Colorado Corporation in good standing with its principal place of business at 990 S. Broadway, Suite 300, Denver, CO 80209.

2.      Defendant Bohica Associates Corporation ("Bohica Associates") is a Nevada Corporation with its principal business address at 402 West Broadway, Ste. 400, San Diego, CA 92101.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds the value of $75,000.00 exclusive of interest and costs and because there is complete diversity of citizenship between the Plaintiff and Defendant.

4.     This Court has *in personam* jurisdiction over Defendant pursuant to Colorado's Long Arm Statute, C.R.S. § 13-1-124. Defendant committed the acts complained of herein, in significant part, through meetings, telephone calls, and e-mail exchanges with Plaintiff while Plaintiff was in Colorado. Further, the Plaintiff suffered injury in Colorado as a direct and proximate result of Defendant's breach of contract, as alleged herein. Finally, through their agreements, the parties irrevocably submitted to the personal jurisdiction of this Court.

5.     Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391 because that is where a substantial part of the events giving rise to the claims occurred. Plaintiffs reside in Colorado and suffered harm in Colorado that was directly and proximately caused by Defendant's breach of contract as alleged herein. Finally, the parties agreed by contract that venue in this Court was proper.

## BACKGROUND OF THE ACTION

6.     Plaintiff, Zivaro provides consulting and information technology services to clients in various industries.

7.     Defendant Bohica Associates is a U.S. Small Business Administration certified small disadvantaged Woman Business Enterprise (WBE) and Minority Business Enterprise (MBE).

8.     In early 2019, Bohica Associates entered a contract to supply the U.S. Navy with products and services provided by Zivaro Inc. The services consisted of analytics software from Splunk Corp. and associated professional services provided by Zivaro. The opportunity was originally developed by Zivaro directly with the U.S. Navy's Naval Surface Warfare Center

("NSWC") at Port Hueneme, California., however NSWC required that the opportunity be procured through an SBA approved small business. Exhibit 1.

9.      Zivaro had transacted a small number of opportunities with Bohica Associates in the past, and the two parties agreed to execute this transaction with NSWC with Bohica receiving a $5,000.00 fee from Zivaro.

10.     The NSWC issued its contract to Bohica Associates on June 7, 2019.

11.     On June 7, 2019, Bohica Associates' issued a Purchase Order to Zivaro for software licenses and related services for installation at the NSWC at Port Hueneme, California. Exhibit 2.

12.     Per the terms of the Purchase Order, the software was delivered to the NSWC in June and August 2019, with services completed at the NSWC prior to the end of the federal government's fiscal year on September 30, 2019.

13.     As permitted by the Bohica Purchase Order, Zivaro invoiced Bohica Associates for licenses only in August 2019, and services and additional licenses on September 20, 2019. A final invoice was sent to Bohica Associates on November 8, 2019.

14.     Notwithstanding that Bohica Associates' value in the transaction was limited to serving as a small business broker, Bohica Associates was entitled to receive a fee of $5,000.00.

15.     On November 6, 2019, Bohica Associates received payment from NSWC in the full amount owed of $158,928.00.

16.     On November 8, 2019, Zivaro sent to Bohica Associates a final invoice for $153,928.00.  Exhibit 3.

17.     Notwithstanding Bohica's receipt of payment more than five months ago, as of the date of this Complaint, Bohica Associates has refused to pay Zivaro's Invoice.

18.     On February 14, 2020, Zivaro sent a written demand for payment to Bohica Associates.

19.     Bohica Associates refused to pay and refuses to pay Zivaro the $153,928.00.

20.     Zivaro has complied with all terms of Bohica Associates' Purchase Order, including timely delivery of the purchased software and services.

21.     Indeed, the NSWC has expressed its satisfaction with Zivaro's performance of its obligations.

22.     Bohica's refusal to make payment to Zivaro is an intentional and material breach of the parties' contract.

<u>**COUNT ONE**</u>
**Breach of Contract**

23.     Zivaro realleges all previous allegations and incorporates them herein by reference.

24.     Zivaro entered into the Agreement with Bohica Associates whereby Zivaro, in exchange for payment, would provide Bohica Associate's client with certain software and hardware.

25.     Bohica Associates breached the Agreement to pay Zivaro.

26.     Zivaro has performed all its conditions, covenants, and promises under the Agreement.

27.     Bohica Associates' breaches have directly and proximately caused Zivaro's damages in an amount to be proven at trial.

## COUNT TWO
### Unjust Enrichment, Pled in the Alternative

28.    Plaintiff realleges all previous allegations and incorporates them herein by reference.

29.    At Zivaro's expense, Bohica Associates received a benefit in the form of Zivaro's services and property without paying Zivaro for those services and property as agreed.

30.    Bohica received the benefit of Zivaro's services and property under circumstances that would make it unjust for it to retain the benefit without performing as agreed by paying Zivaro the amounts owed under the Agreement.

## COUNT THREE
### Civil Theft

31.    Plaintiff realleges all previous allegations and incorporates them herein by reference.

32.    Bohica Associates entered into the agreement with Zivaro and accepted payments based on Zivaro's performance under the contract totaling $153,928.00 – all of which belongs to Zivaro.

33.    Bohica Associates intentionally and wrongfully accepted payment by the NSWC for Zivaro's services and products intending to permanently deprive Zivaro of the money Bohica Associates received from NSWC in payment for Zivaro's products and services.

34.    Bohica Associates intentionally and wrongfully diverted the money paid to Bohica Associates under the contract and refuses to deliver the money to Zivaro.

35.    Zivaro has demanded payment of the money on multiple occasions.

36.     Plaintiff has been damaged as a direct and proximate result of Bohica Associates' theft of Plaintiffs' money in an amount to be determined at trial.

**PRAYER**

Wherefore, Zivaro requests that the Court enter judgment in its favor and against Bohica Associates, on all counts and that the Court award Zivaro: (i) actual damages; (ii) three times the actual damages pursuant to C.R.S. § 18-4-405; (iii) attorneys' fees pursuant to the parties agreement and C.R.S. § 18-4-405; (iv) pre-judgment and post judgment interest as permitted by law; (v) costs and (vi) such other and further relief to which Plaintiff may be justly be entitled.

Dated: April 17, 2020.

LASZLOLAW

s/ Michael J. Laszlo
Theodore E Laszlo, Jr. (#36234)
Michael J. Laszlo (#38206)
2595 Canyon Blvd. Suite 210
Boulder, CO 80302
(303) 926-0410 (phone)
(303)443-0758 (Fax)
Email: tlaszlo@laszlolaw.com
        mlaszlo@laszlolaw.com

*Attorneys for Plaintiff*

Address for Plaintiff
c/o LaszloLaw
2595 Canyon Blvd. Suite 210
Boulder, CO 80302