IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01095-PAB-STV

ZIVARO, INC., a Colorado Corporation,

    Plaintiff,

v.

BOHICA ASSOCIATES CORPORATION, a Nevada Corporation,

    Defendant.

---

**ORDER**

---

This matter is before the Court on plaintiff's Motion for Entry of Default Judgment for a Sum Certain [Docket No. 11]. The Clerk of Court entered default against defendant on May 27, 2020. Docket No. 10. Plaintiff requests a default judgment for a sum certain amount of $510,278.76. Docket No. 11 at 6.

To obtain a default judgment for a sum certain, the plaintiff must show the following by affidavit. First, that the party in default is (1) not a minor or an incompetent person, (2) is not in military service, and (3) has not made an appearance. D.C.COLO.LCivR 55.1(a)(1). Second, that the sum is certain or the sum can be made certain by computation. D.C.COLO.LCivR 55.1(a)(2). Additionally, as relevant here, the plaintiff must submit a proposed form of judgment that shows (1) the party in favor of whom judgment shall be entered, (2) the party against whom judgment shall be entered, (3) the sum certain amount consisting of the principal amount, prejudgment interest, and the rate of postjudgment interest, and (4) the sum certain of attorney fees.

D.C.COLO.LCivR 55.1(b).  Plaintiff has provided the Court an affidavit outlining these various requirements, as well as the agreement between plaintiff and defendant that purportedly provides for the sum certain amount.  *See* Docket No. 11-2.  However, the Court finds that plaintiff has failed to demonstrate that it is entitled to default judgment on its civil theft claim.

Plaintiff alleges that defendant worked as a middleman to provide plaintiff's services to a third party in return for a modest fee.  *See* Docket No. 1 at 2-3, ¶¶ 8-10. Defendant issued a "[p]urchase [o]rder" to plaintiff for software licenses and related services" for use by the third party.  *Id.* at 3, ¶ 11.  The third party ultimately paid defendant for the full price of plaintiff's services.  *See id.*, ¶ 15.  Plaintiff sent defendant a final invoice for $158,928.  *Id.*, ¶ 16.  Defendant, however, has refused to pay plaintiff's invoice.  *See id.* at 4, ¶ 19.  Plaintiff now seeks default judgment based on its claims for breach of contract and civil theft.  *See id.* at 4-6.

Civil theft requires that a defendant "knowingly obtains, retains, or exercises control over anything of value of another without authorization or by threat or deception, and acts intentionally or knowingly in ways that deprive the other person fo the property permanently."  *See Van Rees v. Unleaded Software, Inc.*, 373 P.3d 604, 608 (Colo. 2016) (citation and quotations omitted).  The civil theft statute requires "the specific intent to permanently deprive the owner of the benefit of property."  *Id.* (citing *Itin v. Ungar*, 17 P.3d 129, 134 (Colo. 2000)); *see also Scott v. Scott*, 428 P.3d 626, 633 (Colo. App. 2018).

The Colorado Supreme Court in *Van Rees* analyzed a similar situation to plaintiff's.  There, the petitioner claimed that the respondent "induced him into entering a contractual relationship for web-related services when it knew it would not be able to perform the promised services."  373 P.3d at 608.  However, the court found that this allegation failed because it did "not allege an intent to deprive Van Rees of specific funds."  *Id.*  In other words, the petitioner never alleged that the contract was formed into with the specific intent to steal the funds, just that it was entered into with the respondent's knowledge that it would not be able to satisfactorily complete the contract. *See id.* ("[T]he complaint alleges that Unleaded induced him to enter contracts for web-related services it could not perform.").  Plaintiff's complaint runs into the same problem.  Plaintiff alleges that it entered into a contract with defendant to provide plaintiff's services to a third party.  Docket No. 1 at 2-3, ¶¶ 8-9.  Defendant issued a purchase order for plaintiff's services and provided the services to the third party.  *Id.* at 3, ¶¶ 11-13.  Defendant received payment from the third party, plaintiff issued a final invoice to defendant, and defendant never paid plaintiff.  *Id.* at 3-4, ¶¶ 15-19.  Nowhere does plaintiff allege that defendant entered into the contract with the specific intent to deprive plaintiff of its fees.  Plaintiff's affidavit contains no additional allegations.  *See generally* Docket No. 11-2.  As *Van Rees* holds, without allegations regarding a specific intent to withhold plaintiff's funds, plaintiff cannot make out a civil theft claim.

Situations similar to plaintiff's can support a civil theft claim.  *See In Re Helmke*, 398 B.R. 38, 40 (Bankr. D. Colo. 2008) (noting that holding and use of another's funds in a way that is "practically certain to deprive" plaintiff of the funds can serve as the

basis of a civil theft claim); *see also People v. Anderson*, 773 P.2d 542, 545 (Colo. 1989) (concluding that knowingly obtaining control over property, even without intent to deprive the other person of the benefit of the property, can result in a civil theft claim). Although the Court must accept the well-pled allegations in the complaint, those allegations still must make out a legitimate cause of action. *See Mrs. Condies Salad Co., Inc. v. Colo. Blue Ribbon Foods, LLC*, 858 F. Supp. 2d 1213, 1218 (D. Colo. 2012) ("Where the complaint states an adequate legal basis for relief against a party in default, default judgment is appropriate."). Moreover, to receive a sum certain on the civil theft claim, the number must be clear from the face of the complaint and record. Given the questions regarding the applicability of the civil theft statute to plaintiff's allegations, the lack of a declaration fleshing out the details of plaintiff's allegations, and the lack of briefing on this issue in plaintiff's motion for sum certain default, the Court cannot grant plaintiff's motion. However, rather than granting plaintiff's motion as to the breach of contract claim only, the Court will deny the motion to give plaintiff the opportunity to submit a motion for default judgment that includes the civil theft claim.[1]

The Court also notes that the attorney's fees requested are not a sum certain. The agreement states that the "[c]lient agrees that it shall reimburse Zivaro for any and all costs and expenses, including attorneys' fees."[2]  *See* Docket No. 1-1 at 18.  While

---

[1] Additionally, although plaintiff states that it may not receive compensation for its unjust enrichment claim in addition to its breach of contract claim, Docket No. 11 at 4-5, ¶ 18, there is no similar discussion as to whether the civil theft statute allows for recovery based on the same actions claimed in a breach of contract dispute.

[2] The Court appreciates that plaintiff has attached the relevant agreements and declarations.  However, plaintiff fails to point the Court to any specific sections of its agreements, forcing the Court to scan a long and dense contract for the relevant terms.

4

the agreement allows plaintiff to recover attorney's fees, it does not say in what amount.

In other words, although the agreement provides for legal fees, the sum is not certain

because the agreement does not provide the rate at which plaintiff's attorneys will be

paid.  Accordingly, although plaintiff may otherwise receive attorney's fees pursuant to

Local Rule 54.3 and the lodestar method, *see United States ex rel. Maxwell v. Kerr-*

*McGee Oil & Gas Corp.*, 793 F. Supp. 2d 1260, 1264 (D. Colo. 2011),  plaintiff may not

recover those fees as a sum certain.

It is therefore

**ORDERED** that plaintiff's Motion for Entry of Default Judgment for a Sum Certain

[Docket No. 11] is **DENIED** without prejudice.

DATED March 22, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

*See, e.g.*, Docket No. 11-2 at 4, ¶ 14 (directing the Court to "Exhibit A" and nothing
further).  It would be beneficial were plaintiff to direct the Court to the relevant pages.

5