IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01095-PAB-STV

ZIVARO, INC., a Colorado Corporation,

    Plaintiff,

v.

BOHICA ASSOCIATES CORPORATION, a Nevada Corporation,

    Defendant.

## ORDER

This matter is before the Court on plaintiff's Renewed Motion for Default Judgment for a Sum Certain. Docket No. 18. The Clerk of Court entered default against defendant on May 27, 2020. Docket No. 10. Because of the entry of default against defendant, the allegations in plaintiff's complaint [Docket No. 1] are deemed admitted. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). Plaintiff requests a default judgment for a sum certain amount of $586,465.68. Docket No. 18 at 8, ¶ 32.

## I. BACKGROUND

Plaintiff alleges that defendant entered into an agreement with plaintiff in 2019 under which plaintiff would provide services to a third party. *See* Docket No. 1 at 2-3, ¶¶ 8-10. Under the terms of the agreement, the third party was to pay defendant for plaintiff's services and, after collecting a small fee, defendant was to pay the plaintiff for the services rendered to the third party. *See id.*, ¶¶ 8-16. The third party ultimately

paid defendant for the full price of plaintiff's services. *See id* at 3, ¶ 15. Plaintiff sent defendant a final invoice for $158,928. *See id.*, ¶ 16. Defendant, however, has refused to pay plaintiff's invoice. *See id.* at 4, ¶ 19; Docket No. 18-2 at 4, ¶ 22. In the Renewed Motion for Default Judgment, the plaintiff asserts two causes of action against defendant, breach of contract and civil theft, and now seeks default judgment.[1] *See* Docket No. 18 at 4-6, ¶¶ 16-22 .

## II. LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55. First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b). *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott*, 327 F.3d at 1124 (citation omitted). In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect plaintiffs against "interminable delay and continued uncertainty as to

---

[1]Plaintiff's complaint also asserts a claim of unjust enrichment which was pled in the alternative that plaintiff drops from its motion for default judgment. *See* Docket No. 18 at 4-5, ¶ 18. The Court will permit withdrawal of this claim.

his rights." *Id.* at 733. When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard."). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* Charles Wright, Arthur Miller & Mary Kane, Fed. Prac. & Proc. § 2688 (3d ed. 2010). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* at 63. A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a

 

complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

### III. ANALYSIS

#### A. Jurisdiction

Before default judgment may be entered, the Court considers whether it has subject matter and personal jurisdiction over the defendant. *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Section 1332 provides, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Plaintiff's complaint alleges it is owed more than $75,000, thus satisfying the amount in controversy requirement. *See* Docket No. 1 at 5, ¶ 32. Plaintiff alleges that defendant is a Nevada corporation with its principal place of business in California. *See id.* at 1, ¶ 2; Docket No. 18-1 at 2-3, ¶ 7. Plaintiff alleges that it is a Colorado corporation with its principal place of business in Colorado. *See* Docket No. 1 at 1, ¶ 1. The Court is satisfied plaintiff has met its burden to show diversity of citizenship and that the Court has subject matter jurisdiction in this case.

Personal jurisdiction over the defendant is also required to enter default judgment. *See Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011).

The Court must find service was proper before performing the personal jurisdiction analysis. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). In this case, plaintiff personally served defendant. *See* Docket No. 18-1 at 7, ¶ 4; Docket No. 6. Plaintiff also alleges that defendant consented to jurisdiction in Colorado in the agreement between the parties. *See* Docket No. 18-2 at 4, ¶ 16; Docket No. 1 at 2, ¶ 4; Docket No. 1-1 at 21. Accordingly, the Court finds personal jurisdiction over defendant based on consent.

### B.  Breach of Contract

Plaintiff first seeks to establish that defendant breached their contract. The parties' contract states that their agreement is governed by Colorado law. *See* Docket No. 18-2 at 4, ¶ 16; Docket No 1-1 at 21. Under Colorado law, four elements must be established to make out a claim for breach of contract: "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." *Spring Creek Expl. & Prod. Co. v. Hess Bakken Invs. II, LLC*, 887 F.3d 1003, 1033 (10th Cir. 2018) (quoting *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)).

To support this claim, plaintiff alleges that the parties entered into a valid contract. Docket No. 1 at 2, ¶ 8; *see generally* Docket No. 1-1. Plaintiff alleges that it performed fully under the contract by providing services to the third party specified in the agreement. Docket No. 1 at 3, ¶ 12. Plaintiff alleges the agreement required defendant to pay plaintiff for the services provided to the third party after the third party

paid defendant. *See id.*, ¶ 13, 15. Plaintiff alleges that defendant did not pay plaintiff for its services and still has not paid. *Id.* at 4, ¶ 19. Finally, plaintiff alleges it was damaged by defendant's breach. *Id.*, ¶ 27. Taking these allegations as true, the Court finds that plaintiff has sufficiently pled each element of a breach of contract claim.

### C. Civil Theft

Plaintiff also seeks to impose liability on defendant for civil theft pursuant to Colo. Rev. Stat. § 18-4-405. *See* Docket No. 18 at 5, ¶ 19. The elements of civil theft are that a person "knowingly obtains, retains, or exercises control over anything of value of another without authorization or by threat or deception, and acts intentionally or knowingly in ways that deprive the other person of the property permanently." *See Van Rees v. Unleaded Software, Inc.*, 373 P.3d 603, 608 (Colo. 2016) (citation and quotations omitted). As the Court noted in its previous order denying plaintiff's motion for entry of default judgment, Docket No. 15, the civil theft statute requires "the specific intent to permanently deprive the owner of the benefit of property." *Van Rees*, 373 P.3d at 608 (citing *Itin v. Ungar*, 17 P.3d 129, 134 (Colo. 2000)); *see also Scott v. Scott*, 428 P.3d 626, 633 (Colo. App. 2018).

Plaintiff alleges that it entered into an agreement with defendant to provide plaintiff's services to a third party in 2019. *See* Docket No. 1 at 2-3, ¶ 8. Defendant was to receive payment for the services and then pay plaintiff after taking a fee of $5,000. *Id.* at 3, ¶ 9. Plaintiff alleges that defendant received payment from the third party, but did not pay plaintiff despite receiving an invoice in November 2019 and a written demand for payment from plaintiff in February 2020. *Id.* at 3-4, ¶¶ 16-18.

Plaintiff further alleges that defendant "intend[ed] to permanently deprive" plaintiff of the money that rightfully belonged to it when defendant accepted payment for plaintiff's services. *Id.* at 5 ¶ 33; *see* Docket No. 18-2 at 4, ¶ 23.

Plaintiff's allegations are conclusory and insufficient regarding defendant's mental state. The complaint and affidavit both recite the element of intent from the civil theft statute, but plead no facts to support this conclusion. *See* Docket No. 1 at 5, ¶ 33; Docket No. 18 at 5-6, ¶ 20. The complaint states only that the parties "agreed to execute this transaction" and that defendant "refused" and "refuses" to pay plaintiff. Docket No. 1 at 3, 4, ¶¶ 9, 19. No factual allegations in the complaint plausibly support the conclusion that defendant had the requisite specific intent to permanently deprive plaintiff of its property. *See Brightspot Solutions, LLC v. A+ Products, Inc.*, 20-cv-03335-MEH, 2021 WL 1251512, at *12 (D. Colo. April 5, 2021) (holding allegation that defendant "inten[ded] to deprive Plaintiff permanently of the intended use and benefit of those things of value" was "conclusory and insufficient to establish a civil theft claim").

Plaintiff claims *Van Rees* supports its argument that it need not demonstrate entering into an agreement with the intent to deprive the other party of specific funds. *See* Docket No. 18 at 5, ¶ 20 (citing *Van Rees,* 373 P.3d at 608). In that case, the court ruled that, although a knowing deprivation can be found at a time other than the moment the agreement is made, civil theft still requires specific allegations regarding a knowing deprivation of a thing of value. Here the civil theft claim fails, not because plaintiff alleges intent at the wrong moment, but because plaintiff does not provide non-

conclusory allegations regarding defendant's intent. Because such allegations are not well-plead, the Court finds that plaintiff has not met its burden of pleading a claim for civil theft and will decline to enter default judgment on that cause of action.

### D. Damages

To obtain a default judgment for a sum certain, the plaintiff must show the following by affidavit. First, that the party in default is (1) not a minor or an incompetent person, (2) is not in military service, and (3) has not made an appearance. D.C.COLO.LCivR 55.1(a)(1). Second, that the sum is certain or the sum can be made certain by computation. D.C.COLO.LCivR 55.1(a)(2). Additionally, as relevant here, the plaintiff must submit a proposed form of judgment that shows (1) the party in favor of whom judgment shall be entered, (2) the party against whom judgment shall be entered, (3) the sum certain amount consisting of the principal amount, prejudgment interest, and the rate of postjudgment interest, and (4) the sum certain of attorney fees. D.C.COLO.LCivR 55.1(b). Plaintiff has provided the Court an affidavit outlining these various requirements, as well as the contract between plaintiff and defendant that provides for the sum certain amount.[2]  See Docket No. 18-1; Docket No. 18-2; Docket No. 1-1.

Plaintiff recognizes that Colorado law does not permit double recovery where damages for two claims would compensate the same injury or losses that result from the same conduct. Docket No. 18 at 7, ¶ 26 (citing *Leprino Foods Co. v. Factory Mut.*

---

[2] Plaintiff also asks for attorney fees, but since attorney fees are not requested as a sum certain they must be awarded separately. See Docket No. 18 at 7-8, ¶ 31; Docket No. 15 at 4-5.

*Ins. Co.*, 653 F.3d 1121, 1134 (10th Cir. 2011)). Plaintiff's breach of contract claim and civil theft claim arise from the same loss based on the same actions by defendant and so plaintiff requests it be compensated for the civil theft claim only. *Id.* Because that claim is denied and the breach of contract claim is granted, the Court will award damages as to the breach of contract claim only. "In a breach of contract action, the objective is to place the injured party in the same position it would have been in but for the breach." *Protectors Ins. Serv. v. United States Fid. & Guar. Co.*, 132 F.3d 612, 615 (10th Circ. 1998) (citations omitted). Here, plaintiff alleges that its damages under the contract are $153,928. Docket No. 18 at 7, ¶ 28; Docket No. 1 at 5, ¶ 32.

Plaintiff's motion and affidavits allege that defendant owes plaintiff $153,928 for the services plaintiff provided and $41,560.56 in interest based on the interest rate provided in the parties' contract, for a total of $195,488.56. Docket No. 18 at 7, ¶ 28; *see* Docket No. 18-2 at 3-4, ¶¶ 14, 19-23. The interest is calculated by applying a rate of 18% per annum to the outstanding balance from the time the payment was due, December 8, 2019, until the motion for default judgment was filed, June 22, 2021. *See* Docket No. 18 at 7, ¶ 28. Therefore, plaintiff is entitled to $195,488.56 in damages for breach of contract as a sum certain. Plaintiff also requests treble damages for its civil theft claim based on Colo. Rev. Stat. § 18-4-405. Docket No. 18 at 7, ¶ 29. As that claim is denied, the Court declines to award treble damages.

### 2. Interest

Plaintiff requests an award of post-judgment interest based on Colo. Rev. Stat. § 5-12-101 *et al*. *See* Docket No. 18 at 8, ¶ 32. Section 5-12-102 provides that

"creditors shall be allowed to receive interest on any judgment recovered before any court authorized to enter the same within this state from the date of entering said judgment until satisfaction thereof is made" at the rate "specified in a contract" or at 8% per annum.  Colo. Rev. Stat. §§ 5-12-102(4)(a)-(b).  The contract between plaintiff and defendant provides an interest rate of 18% per annum.  *See* Docket No. 18-2 at 8-9, ¶ 14.  Post judgment interest at that rate is awarded based on damages of $195,488.56 under the contract.

## IV. CONCLUSION

It is therefore

**ORDERED** that plaintiff's Motion for Entry of Default Judgment for a Sum Certain [Docket No. 18] is **GRANTED** in part and **DENIED** in part.  It is further

**ORDERED** that default judgment is entered against defendant in the amount of $195,488.56.  It is further

**ORDERED** that post judgment interest shall accrue at a rate of 18% per annum pursuant to Colo. Rev. Stat. § 5-12-102.

DATED January 25, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge